

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-22-00194-CR

---

MICHAEL DANIEL RODRIGUEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 207th District Court
Comal County, Texas
Trial Court No. CR2020-095, Honorable Stephanie Bascon, Presiding

---

November 2, 2022

## ORDER OF ABATEMENT AND REMAND

### Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Appellant, Michael Daniel Rodriguez, appeals his conviction for aggravated robbery[1] and sentence to thirty-five years' confinement.[2]  Appellant's brief was originally due August 29, 2022, but we granted Appellant's appointed counsel two extensions to file a brief.  By letter of October 3, 2022, we admonished counsel that failure to file a brief by

---

[1] See TEX. PENAL CODE ANN. § 29.03(a)(3)(A).

[2] Originally appealed to the Third Court of Appeals, this appeal was transferred to this Court by the Texas Supreme Court pursuant to its docket equalizations efforts.  See TEX. GOV'T CODE ANN. § 73.001.

October 28 could result in the appeal being abated and the cause remanded to the trial court for further proceedings without further notice. On October 28, 2022, Appellant's counsel filed a third motion for an extension of time to file a brief.

We deny the motion for extension, abate this appeal, and remand the cause to the trial court for further proceedings. *See* TEX. R. APP. P. 38.8(b)(2), (3). Upon remand, the trial court shall determine the following:

(1)     whether Appellant still desires to prosecute the appeal;

(2)     whether Appellant is indigent;

(3)     why a timely appellate brief has not been filed on Appellant's behalf;

(4)     whether Appellant's counsel has abandoned the appeal;

(5)     whether Appellant has been denied the effective assistance of counsel;

(6)     whether new counsel should be appointed; and

(7)     if Appellant desires to continue the appeal, the date the Court may expect Appellant's brief to be filed.

The trial court is directed to enter such orders necessary to address the aforementioned questions. So too shall it include its findings on those matters in a supplemental record and cause that record to be filed with this Court by December 2, 2022. If it is determined that Appellant desires to proceed with the appeal, is indigent, and has been denied the effective assistance of counsel, the trial court may appoint him new counsel; the name, address, email address, telephone number, and state bar number of any newly appointed counsel shall be included in the aforementioned findings.

It is so ordered.

Per Curiam

Do not publish.